IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAMARDEEN OGUNLEYE, #23384-077, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL NO. 3:15-CV-3986-D-BK |
| § | | (Criminal No. 3:14-CR-028-D(01)) |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, it is recommended that the motion be **DENIED**.

**I. BACKGROUND**

In 2014, Petitioner pled guilty to conspiring to commit food stamp fraud and wire fraud, was sentenced to concurrent 60-month terms of imprisonment and a three-year-term of supervised release, and ordered to pay $1,992,163.62 in restitution. Crim. Doc. 61. His direct appeal and subsequent appeal challenging the enforcement of the restitution order were dismissed as frivolous. Crim. Doc. 110; Crim. Doc. 114.

In this timely section 2255 motion, Petitioner challenges his guilty pleas, the search of his residence and store and the resulting evidentiary seizures, as well as the prosecutor's failure to disclose evidence. He also claims ineffective assistance of counsel through rearraignment and sentencing. Doc. 2 at 6-8; 14-18. On February 8, 2016, the government filed its response in opposition. Doc. 6. Petitioner did not file a reply. Thus, the motion to vacate sentence under section 2255, is now ripe for review.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001); *see* 28 U.S.C. § 2255 (requiring a showing that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) the sentence "was in excess of the maximum authorized by law"; or (4) the sentence is otherwise "subject to collateral attack.").

### A. Involuntary Guilty Pleas (Claims 1-2)

Petitioner asserts his guilty pleas were not knowing and voluntary because: (1) he was "incompetent" due to his medical condition, in particular Graves' disease/hypothyroidism; (2) he was under duress as a result of his wife's recent death; and (3) his retained counsel "promise[d]" a prison sentence within the range of 33 to 41 months. Doc. 2 at 6, 14-15. Petitioner also claims he was "coerced into signing the plea" when his attorney scolded him for requesting new counsel and told him that the prosecutor would ensure that he would "remain in the [t]wenty four hour locked down cell" with "no access to the [l]aw [l]ibrary." *Id.* Regarding his medical condition, Petitioner avers that in 2008, he was diagnosed with thyroid cancer and both his thyroid glands were removed. Doc. 2 at 14. He claims that during his seven-month pretrial confinement, he was denied his daily thyroid medication and felt as though "nothing was functioning," and that following his transfer to FCI Big Spring, the doctor believed Petitioner "was a walking dead." *Id.* Petitioner contends that he informed defense counsel that he suffered from various medical

2

conditions, including "grave disease (thyroid), anxiety disorder, clautophobia [sic], and bipolar disorder," and that he felt as though he was "loosing [his] mind and [could] not concentrate." *Id.*

To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington,* 480 F.3d 309, 315 (5th Cir. 2007). A defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *Cervantes,* 132 F.3d at 1110. A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

Here, the only conclusion supported by the record (the plea agreement, factual resume, and Rule 11 colloquy) is that Petitioner was competent to enter a guilty plea, and that his guilty pleas were knowing and voluntary and not the result of coercion, duress, or purported promise. The record reveals that during the Rule 11 hearing, Petitioner was coherent and responsive; and that he testified under oath that he understood the charges against him, the plea agreement and the nature of the proceedings, and that he had been able to confer about same with counsel. Crim. Doc. 92 at 5-8. Further, Petitioner assured the Court that he understood the essential elements of the offenses charged and admitted committing each of those elements. Crim. Doc. 92 at 22-23. He confirmed that: (1) he had reviewed the plea agreement with counsel, that he understood all of its provisions – including the waiver of his right to appeal and to seek collateral

relief; (2) no one had made any promises to cause him to enter into the plea agreement or otherwise threatened or coerced him; and (3) he was pleading guilty freely and voluntarily. Crim. Doc. 92 at 8-10. In addition, Petitioner averred that he had reviewed the factual resume before signing it, and that the stipulated facts contained therein were true. Crim. Doc. 92 at 22-23. He affirmed that he was fully satisfied with his counsel's representation and advice. Crim. Doc. 92 at 7-8. Petitioner also indicated that he understood the Court would determine the sentence after considering the Presentence Report (PSR) and consulting the advisory Sentencing Guidelines. Crim. Doc. 92 at 17-19.

Petitioner offers no reliable evidence to rebut the record or the Court's findings that he was fully competent to enter a guilty plea and that his guilty pleas were knowing and voluntary. Crim. Doc. 92 at 23. He relies solely on his affidavit and handwritten letters that he purportedly mailed to his retained counsel. Doc. 2 at 14-25. But the statements in his affidavit are uncorroborated and, thus, insufficient to overcome his sworn testimony and conduct during the underlying criminal proceedings. *See Cervantes*, 132 F.3d at 1110 (noting that the petitioner must produce "independent indicia of the likely merit of [his] allegations" to overcome re-arraignment testimony and plea agreement, which refuted the petitioner's allegations). Similarly, the letters to retained counsel lack any indicia of reliability.

Notably, at no time during the Rule 11 hearing (only 23 days after the revocation of his pretrial release), did Petitioner suggest that he was incompetent or suffering from confusion as a result of his medical condition and/or denial of thyroid medication, or that he felt under duress to plead guilty as a result of the recent death of his wife. Crim. Doc. 92.

Additionally, the PSR, which the Court accepted without change at sentencing, supports the finding that Petitioner was competent and did not suffer from any mental condition that

impacted the voluntariness of his guilty plea. Crim. Doc. 43-1 at 23, PSR ¶ 93-94; Crim. Doc. 62 at 1 (Statement of Reasons). While the medical history section of the PSR does recount Petitioner's prior diagnoses and treatment for thyroid cancer, diverticulitis, and bipolar disorder (which he self-medicated with marijuana), as well as a history of alcohol and substance abuse, there is no mention of any adverse symptoms or side effects of either condition that suggested an impact on his competency. Crim. Doc. 43-1 at 23, PSR ¶¶ 93-96. Consequently, the assertions raised for the first time in the section 2255 motion lack any independent support and appear conveniently self-serving.

      Based on the strength of the record to the contrary, the Court concludes Petitioner has failed to present credible evidence that he suffered from a mental impairment which rendered him unable to consult with his lawyer or to understand the nature of the proceedings and, thus, was not competent to plead guilty. *See United States v. Merrill*, 340 Fed. Appx. 976, 978 (5th Cir. 2009) (*per curiam*) (citing *Drope v. Missouri*, 420 U.S. 162, 172 (1975)) (rejecting section 2255 claim that defendant was mentally incompetent to enter guilty plea based on his coherent and responsive testimony at rearraignment and the fact that he had conferred with counsel about the charges, plea agreement, and factual resume).

      Likewise, Petitioner's contention that counsel promised him a 33-41 month sentence and threatened him with 24-hour lockdown is belied by the record. Petitioner's aforementioned sworn statements during re-arraignment contradict his allegations that his plea was induced by such threat or promise regarding his sentence. By his plea agreement, Petitioner also confirmed his understanding that the Court would determine the sentence after considering the advisory Sentencing Guidelines and that the sentence imposed could be above, below or within the applicable guideline range. Crim. Doc. 33 at 3, 6. Moreover, at rearraignment, the Court

thoroughly cautioned Petitioner that he could not rely on counsel's opinion about the advisory guideline range or on anyone's promises as to what his sentence would be. Crim. Doc. 92 at 17-18. Thus, apart from Petitioner's claims in his 2255 motion of counsel's threat and promise, he has not "produced independent indicia of the likely merit of [his] allegations." *Cervantes*, 132 F.3d at 1110 (declining to hold evidentiary hearing because re-arraignment testimony and plain terms of the plea agreement refuted allegations that attorney had promised the defendant a lower sentence based on an agreement with the government); *see also Merrill*, 340 Fed. Appx. at 978 (petitioner's affidavit insufficient to establish independent indicia of the likely merit of his claims).

In addition, Petitioner had ample time – more than three months between his guilty plea and his sentencing hearing -- to advise the Court that he suffered from side effects or symptoms as a result of his medical condition and/or the lack of daily medication, that his guilty plea was involuntary and coerced, that counsel had made improper threats and promises, and/or that he was otherwise dissatisfied with defense counsel's conduct. And even at sentencing, Petitioner voiced no objection or concerns about his guilty plea, his medical/mental condition, the purported coercion or promise, or his counsel's advice and allegedly deficient performance. Crim. Doc. 93.

In sum, the record, including Petitioner's sworn testimony at his re-arraignment hearing, clearly establishes that Petitioner was fully competent and capable of entering an informed guilty plea, that his plea was knowing and voluntary and supported by an independent factual basis, and that Petitioner understood fully that he was waiving his right to appeal and seek collateral relief under section 2255. Accordingly, Petitioner's claims challenging the voluntariness of his guilty plea fail.

### B.  Illegal Search and Seizure and Failure to Disclose Evidence (Claims 3-4)

Next, Petitioner claims that his conviction resulted from evidence obtained by an illegal search and seizure, and also that the government failed to disclose evidence favorable to him. Doc. 2 at 6-7. In support of the latter, he states that his co-defendant's confession and motion for discovery were not disclosed to him. *Id.* However, by knowingly and voluntarily pleading guilty, Petitioner waived all nonjurisdictional defects in the instant proceedings, including illegalities in the searches and seizures and the prosecution's failure to disclose favorable evidence.

A voluntary guilty plea waives all non-jurisdictional defects in the proceedings including ineffective assistance of counsel, "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). "Illegal searches and seizures are non-jurisdictional defects" that a petitioner waives his right to challenge when he enters a knowing and voluntary guilty plea. *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985) (citing *United States v. Bell,* 457 F.2d 1231, 1234 n. 1 (5th Cir. 1972). In addition, "*Brady* requires a prosecutor to disclose exculpatory evidence for purposes of ensuring a fair trial, a concern that is absent when a defendant waives trial and pleads guilty." *Orman v. Cain*, 228 F.3d 616, 617 (5th Cir. 2000).

Moreover, because Petitioner failed to raise his Fourth Amendment search and seizure claim or his *Brady* claim on direct appeal, they are procedurally defaulted, absent a showing of cause and prejudice or that the petitioner is "actually innocent" of the crime for which he was convicted. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)). Petitioner presents nothing to establish either the cause-and-actual prejudice or the actual innocence exception.

Consequently, Petitioner's claims 3 and 4 fail.

### C. Ineffective Assistance of Counsel (Claims 5-6)

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to demonstrate either deficient performance or prejudice defeats the claim. *Id.* at 697.

To prove the deficient performance under *Strickland*, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

To demonstrate prejudice in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To prevail on a claim of ineffective assistance of counsel at sentencing, the petitioner must demonstrate that his sentence was increased on account of the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-204 (2001).

#### 1. Petitioner's allegations are conclusory.

Petitioner asserts counsel rendered constitutionally ineffective assistance when he (i) failed to "object to the speedy trial" even though Petitioner "needed time off to grieve for his

beloved wife"; (ii) failed to "offer a duty of loyalty" and "lied" about at a 33- to 41-month plea deal purportedly offered by the prosecutor; (iii) failed to "advocate [for Petitioner's] cause" conducting "no investigation"; (iv) failed to "object to the illegal search warrant and seizure"; (v) failed to "object to the P.S.R."; (vi) failed to "discuss other types of pleas available"; (vii) failed to "release the motion of discovery to [Petitioner]"; (viii) failed to object to the 16-point enhancement and restitution order based on "the intended loss amount of [$]1.9 million"; (ix) failed to "request for [Petitioner] to be moved to a federal facility and or have access to the federal law library in order for [Petitioner] to Research and prepare for his defense"; (x) failed to "object and or discuss forfeiture [at] all hearings"; and (xi) failed to "file an appeal" as he had requested him to do. Doc. 2 at 7-8, 14-18. As the Government correctly notes, however, Petitioner's ineffective assistance of counsel claims are conclusory and lack independent factual support or corroboration.

Petitioner's bare assertions that counsel was deficient in failing to raise various objections, failing to investigate his case, and misrepresenting the details of a plea bargain allegedly extended by the prosecution, Doc. 2 at 7-8, 14-18, are plainly conclusory. Thus, they are insufficient to plead a Sixth Amendment claim of ineffective assistance. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Without any specific allegation explaining how counsel's performance fell below an objective standard of reasonableness and Petitioner was prejudiced as a result, Petitioner fails to raise an issue of constitutional import. *See Pineda*, 988 F.2d at 23 (quotations and quoted case omitted) ("mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in

his *pro se* petition . . . to be of probative evidentiary value."); *West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir. 1996) ("the court need not blindly accept speculative and inconcrete claims") (quoted case omitted). That notwithstanding, Petitioner's ostensible claims lack merit.

### 2. Petitioner's allegations lack merit.

*Pretrial and Rearraignment*

Regarding the guilty plea proceedings, Petitioner's assertions that counsel promised him a sentence of no more than 33 to 41 months' imprisonment and conveyed the prosecutor's threat to keep in 24-hour lock down are self-serving, wholly unsupported. and belied by the record. Doc. 2 at 14. As detailed *supra*, Petitioner affirmed under oath at rearraignment that no threats or promises had been made to induce him to plead guilty.

Petitioner also argues that counsel failed to "object to the speedy trial" when Petitioner "needed time off to grieve" the loss of his wife, Doc. 2 at 7, 14, but he does not explain what objection counsel could have raised. Indeed, Petitioner appears to lament the fact that his case was concluded <u>without</u> delay (the goal of the Speedy Trial Act); in which case, there was no legal basis to object. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (per curiam) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."). The same principle applies to Petitioner's contention that counsel was ineffective for failing to mount a Fourth Amendment challenge. Petitioner argues counsel should have challenged the legality of the search warrant, as well as the seizures of evidence. Doc. 2 at 6, 14-18. However, he offers no legal basis whatsoever for doing so. Without a legal argument to advance, counsel simply was not ineffective for failing to challenge the search warrant or resulting evidentiary seizures.

Petitioner mentions counsel's failure to investigate almost in passing, and has wholly

10

failed in his burden to state with specificity what an investigation would have revealed and how it would have altered his plea. See *United States v. Curtis*, 769 F.3d 271, 276, 277-278 (5th Cir. 2014) ("To establish [a] failure to investigate claim, [a defendant] must allege with specificity what the investigation would have revealed *and how it would have benefitted him.*") (quoted case omitted, emphasis in original). Moreover, Petitioner's affidavit is completely silent about counsel's alleged failure to investigate. Doc. 2 at 14-18.

As to his claims that counsel: (1) failed to "discuss other types of pleas available," such as *nolo contendere* and *Alford* plea, Doc. 2 at 8; (2) failed to "release the motion of discovery to [him]" Doc. 2 at 15; and (3) did not have Petitioner moved to a federal facility with access to a law library,[1] Doc. 2 at 6, 14; they each fail to state a cognizable claim for relief under section 2255. See 28 U.S.C. § 2255 (requiring a showing that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) the sentence "was in excess of the maximum authorized by law"; or (4) the sentence is otherwise "subject to collateral attack.").

Additionally, even assuming counsel's deficient performance, Petitioner has wholly failed to demonstrate prejudice – namely that he would not have pleaded guilty and that he would have insisted on going to trial. *Hill*, 474 U.S. at 52, 59. He has offered no proof other than his belated suggestion here that he considered doing anything other pleading guilty. Doc. 2

---

[1] Assuming arguendo that counsel had some control over were Petitioner was incarcerated, Petitioner did not have a constitutional right to be housed in a particular facility. See *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) (citing *Olim v. Wakinekona*, 461 U.S. 238, 244-245 (1983)). Moreover, when a criminal defendant is represented by counsel, as in Petitioner's case, he has no constitutional right of access to a law library in connection with his criminal proceedings. See *Caraballo v. Fed. Bureau of Prisons,* 124 Fed. Appx. 284, 285 (5th Cir. 2005) (unpublished *per curiam*) (inmate who was represented by court-appointed counsel had no constitutional right of access to law library in preparing his defense).

11

at 14. In light of his solemn assurances of his understanding of the guilty plea process and consequences of his plea at the Rule 11 hearing, Petitioner's complaints of counsel's performance, with nothing more, fall woefully short of the legal burden he must bear here.

*Sentencing*

Petitioner's claims of ineffective assistance of counsel at sentencing fare no better. Petitioner asserts that counsel failed to "object to the PSR," Doc. 2 at 7, and complains vaguely of "a lot of discrepancies and false allegations." Doc. 2 at 15. As far as counsel's failure to object to the PSR's loss calculation, contrary to Petitioner's argument, an objection to "the intended loss amount of [$]1.9 million" would have been patently frivolous because Petitioner had stipulated to an actual loss of "at least" that amount in the Factual Resume. Crim. Doc. 35 at 6. As noted above, a "failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." [2] *See Preston*, 209 F.3d at 785.

Petitioner also claims that when the Court called upon defense counsel for a sentence recommendation, "counsel was not prepared at all with a recommendation of downward departure," Doc. 2 at 16. His assertion is again refuted by the record, which shows that counsel rebutted the prosecutor's sentencing recommendation, requested mercy, and asked that the Court impose a sentence at the lower end of the guideline range, despite Petitioner's criminal history. Crim. Doc. 93 at 5-6. In any event, Petitioner cannot demonstrate that his sentence was <u>increased</u> on account of defense counsel's failure to recommend departure. *See Glover*, 531 U.S. at 203-204. Lastly, while Petitioner complains that counsel failed to file a notice of appeal, as he

---

[2] Petitioner asserts "counsel finally agreed to file an objection to the PSR, but he was unable to provide [Petitioner] with a copy of said filed objection." Doc. 2 at 16. However, no objection was filed as related by the Court at sentencing, and Petitioner voiced no complaint. Crim. Doc. 93 at 3. Moreover, Petitioner acknowledged having had adequate time to discuss the PSR and other sentencing material with counsel. *Id.*

had requested, Doc. 2 at 16, Petitioner nevertheless was permitted to proceed with an out-of-time appeal. Crim. Doc. 74; Crim. Doc. 80. Thus, considering he suffered no prejudice, the Court declines to consider any further complaint on that basis.

Based on this record, Petitioner has failed to establish that counsel's performance at sentencing was deficient or that it prejudiced him. Accordingly, his ineffective assistance of counsel claims have no merit.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 motion be **DENIED**.

**SIGNED** March 31, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

14